UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMIK A. HOVSEPIAN,<br>　　　　Petitioner,<br>　　v.<br>JOSIE GASTELO,<br>　　　　Respondent. | Case No. 19-cv-04692-HSG<br><br>**ORDER DIRECTING PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY** |

**INTRODUCTION**

Petitioner, an inmate at California Men's Colony – East, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1994 conviction for attempted murder. Dkt. No. 1. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. He has paid the filing fee. Dkt. No. 7.

**BACKGROUND**

According to the petition, in 1994, petitioner was convicted by a Santa Clara County jury of two counts of attempted murder with firearm enhancements. Dkt. No. 1 at 1-2. On December 16, 1994, petitioner was sentenced to two life terms, plus an additional term of seventeen years and four months. Dkt. No. 1 at 1. In 1996, the California Court of Appeals denied his appeal and, that same year, the California Supreme Court denied his petition for review. Dkt. No. 1 at 2-3. Petitioner filed state habeas petitions with the Santa Clara Superior Court, the California Court of Appeal, and the California Supreme Court, all of which were denied. Dkt. No. 1 at 3-4. Petitioner does not report filing any prior petitions for a writ of habeas corpus in federal court.

//

## DISCUSSION

**A.  Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.  Petitioner's Claims**

Petitioner alleges the following grounds for federal habeas relief: (1) petitioner's retrial on attempted murder charges after being convicted of assault based on the same conduct violated his rights under the Double Jeopardy Clause; and (2) petitioner is factually innocent.[1]

**C.  AEDPA Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which:  (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

Here, petitioner was convicted and sentenced in 1994, and his double jeopardy claim was raised and rejected on direct appeal in 1996. Dkt. No. 1 at 1, 28-54.  Petitioner acknowledges that

---

[1] In filling out the form petition, petitioner indicated that he had three claims, stating "see attached argument." Dkt. No. 1 at 5.  However, the attachments only list two claims.  *See* Dkt. No. 1 at 7-27.

2

1  his claim is untimely but argues that his factual innocence excuses the untimely filing.

2  Petitioner is correct that a federal court may hear the merits of successive, procedurally defaulted or untimely claims if the failure to hear the claims would constitute a "miscarriage of justice." *See McQuiggin v. Perkins*, 569 U.S. 383, 391-93 (2013). The "miscarriage of justice" exception is reserved for habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). In order to pass through the *Schlup* gateway, "a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup*, 513 U.S. at 314–15 (omission in original) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). A petitioner must support his claims "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 316. A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. Here, plaintiff has not presented any new reliable evidence of his actual innocence. Rather, his actual innocence claim relies on his argument that he was exonerated when the first trial ended in a mistrial, and that the prosecution improperly initiated a second prosecution without producing new evidence as required by California law. Dkt. No. 1 at 23-27.

Accordingly, the Court orders petitioner to show cause why the instant petition for a writ of habeas corpus should not be DISMISSED as untimely.

//
//
//
//
//

3

**CONCLUSION**

For the foregoing reasons, the Court orders as follows. Within **sixty (60) days** of the date of this order, petitioner shall show cause why the instant petition for a writ of habeas corpus should not be DISMISSED as untimely.

**IT IS SO ORDERED.**

Dated: 11/27/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge