1
2
3
4
5
6
7
8
9
10
11
12

United States District Court
Northern District of California

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARMIK A. HOVSEPIAN,

            Petitioner,

   v.

JOSIE GASTELO,

            Respondent.

Case No. 19-cv-04692-HSG

**ORDER OF DISMISSAL**

Petitioner, an inmate at California Men's Colony – East, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1994 conviction for attempted murder. Dkt. No. 1. On November 27, 2019, the Court ordered petitioner to show cause why his petition should not be dismissed as untimely. Dkt. No. 8. On January 16, 2020, the Court granted petitioner an extension of time to March 30, 2020 to file his answer. Dkt. No. 10. The deadline to answer the order to show cause has passed, and petitioner has not answered. For the reasons set forth below, the Court DISMISSES the petition as untimely.

**DISCUSSION**

**I.**    **Procedural Background**

According to the petition, in 1994, petitioner was convicted by a Santa Clara County jury of two counts of attempted murder with firearm enhancements. Dkt. No. 1 at 1-2. On December 16, 1994, petitioner was sentenced to two life terms, plus an additional term of seventeen years and four months. Dkt. No. 1 at 1. On appeal, petitioner argued that (1) the double jeopardy clause prohibited him from being retried on the attempted murder charges; (2) the jury should have been instructed to consider voluntary intoxication as it related to petitioner's mental state; (3) the jury should have been instructed on the lesser included offense of attempted voluntary manslaughter;

and (4) the trial court had a *sua sponte* duty to instruct under CALJIC No. 17.03.  Dkt. No. 1 at 28-54.  In 1996, the California Court of Appeals denied his appeal.  Dkt. No. 1 at 2, 28-54.  That same year, the California Supreme Court denied his petition for review.  Dkt. No. 1 at 2-3.  Petitioner did not file the petition for review with the Court, so it is unclear what claims were raised in the petition for review.

Petitioner filed state habeas petitions with the Santa Clara Superior Court, the California Court of Appeal, and the California Supreme Court, all of which were denied.  Dkt. No. 1 at 3-4.  According to the dockets of the California Supreme Court, the two habeas petitions filed in the California Supreme Court were Case No. S063719 and Case No. S254890 and were filed in 1998 and 2019, respectively.[1]  Petitioner did not file these habeas petitions with the Court, so it is unclear what claims were raised in these habeas petitions.  Cal. Sup. Ct. Case No. S063719 was denied on February 25, 1998.  Cal. Sup. Ct. Case No. S254890 was summarily denied on June 19, 2019 as follows:

> The petition for writ of habeas corpus is denied. (*See In re Robbins* (1998) 18 Cal.4th 770, 780 [courts will not entertain habeas corpus claims that are untimely]; *In re Clark* (1993) 5 Cal.4th 750, 767-769 [courts will not entertain habeas corpus claims that are successive].).

On July 31, 2019, petitioner filed the instant petition.[2]  Dkt. No. 1.

## II.       Petition

The instant federal habeas petition alleges the following grounds for federal habeas relief:  (1) petitioner's retrial on attempted murder charges after being convicted of assault based on the same conduct violated his rights under the Double Jeopardy Clause; and (2) petitioner is factually innocent because the first trial ended in a mistrial and proved that there was insufficient evidence to support the attempted murder conviction.[3]  Dkt. No. 1.  Petitioner states that his claims are

---

[1] The Court takes judicial notice of the dockets of the California Supreme Court mentioned herein, available on the California courts' website at www.courts.ca.gov.  *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (recognizing that a district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Porter v. Ollison*, 620 F.3d 952, 954-55 n.1 (9th Cir. 2010) (taking judicial notice of court dockets).

[2] The Court affords petitioner application of the mailbox rule as to the filing of his habeas petition.  *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (*pro se* prisoner filing is dated from the date prisoner delivers it to prison authorities).  It appears that petitioner gave his petition to prison authorities for mailing on or about July 31, 2019.  Dkt. No. 1 at 6; Dkt. No. 1-1.

[3] In filling out the form petition, petitioner indicated that he had three claims, stating "see attached

United States District Court
Northern District of California

1    "based upon factual innocence and are not premised on timeliness" and that he "presents a

2    fundamental miscarriage of justice."  Dkt. No. 1 at 11.

3    **III.    AEDPA Statute of Limitations**

4            The instant petition is governed by the Antiterrorism and Effective Death Penalty Act of

5    1996 ("AEDPA") because the petition was filed after AEDPA became law on April 24, 1996.

6    AEDPA imposed for the first time a statute of limitations on petitions for a writ of habeas corpus

7    filed by state prisoners.  Petitions filed by prisoners challenging noncapital state convictions or

8    sentences must be filed within one year of the latest of the date on which the judgment became

9    final after the conclusion of direct review or the time passed for seeking direct review.  28 U.S.C.

10   § 2244(d)(1)(A).[4]

11           Here, petitioner was convicted and sentenced in 1994.  His conviction became final either

12   (1) ninety days after the California Supreme Court denied review in 1996 or, (2) if he filed a writ

13   for certiorari with the Supreme Court, upon the completion or denial of certiorari proceedings.[5]

14   *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition

15   for certiorari, his conviction became final ninety days after the California Supreme Court denied

16   review); *see also Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998) ("[T]he running of the

17   statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all

18   direct criminal appeals in the state system, followed by either the completion or denial of certiorari

19   proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by

20   the conclusion of all direct criminal appeals in the state system followed by the expiration of the

21   time allotted for filing a petition for the writ.").  However, the one-year statute of limitations is

22   tolled under Section 2244(d)(2) for the "time during which a properly filed application for State

23   _____

24   argument."  Dkt. No. 1 at 5.  However, the attachments only list two claims.  *See* Dkt. No. 1 at 7-27.

25   [4] The commencement of the limitations period can be delayed in certain circumstances, none of which apply here.  28 U.S.C. § 2244(d)(1)(B)-(D) (allowing for delayed commencement of the limitations period where unconstitutional state action prevented a petitioner from timely filing, or where the habeas petition relies on a constitutional right newly recognized by the Supreme Court and made retroactive to cases on collateral review, or where the factual predicate of the claim could have been discovered through the exercise of due diligence).

28   [5] Petitioner has not argued that he is entitled to delayed commencement of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B)-(D), nor does the record support such an argument.

United States District Court
Northern District of California

1    post-conviction or other collateral review with respect to the pertinent judgment or claim is

2    pending." 28 U.S.C. § 2244(d)(2).  The Court will assume arguendo that the statute of limitations

3    was tolled until February 25, 1998, the conclusion of petitioner's first round of state collateral

4    proceedings.  If the statute of limitations began to run on that date, it expired on February 25,

5    1999.  The instant federal petition is untimely by over twenty years.

6         Petitioner is correct that a federal court may hear the merits of untimely claims if the

7    failure to hear the claims would constitute a "miscarriage of justice."[6]  *See McQuiggin v. Perkins*,

8    569 U.S. 383, 391-93 (2013).  As explained in the Court's November 27, 2019 order to show

9    cause, the "miscarriage of justice" exception is reserved for habeas petitioners who can show that

10   "a constitutional violation has probably resulted in the conviction of one who is actually

11   innocent."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 496

12   (1986)).  In order to pass through the *Schlup* gateway, "a petitioner must produce sufficient proof

13   of his actual innocence to bring him "within the 'narrow class of cases . . . implicating a

14   fundamental miscarriage of justice.'"  *Schlup*, 513 U.S. at 314–15 (omission in original) (quoting

15   *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).  A petitioner must support his claims "with new

16   reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts,

17   or critical physical evidence—that was not presented at trial."  *Schlup*, 513 U.S. at 324.  The

18   evidence of innocence must be "so strong that a court cannot have confidence in the outcome of

19   the trial unless the court is also satisfied that the trial was free of nonharmless constitutional

20   error."  *Id.* at 316.  A petitioner "must show that it is more likely than not that no reasonable juror

21   would have convicted him in the light of the new evidence."  *Id.* at 327.

22        Petitioner has not presented any new reliable evidence of his actual innocence.  Rather, his

23   actual innocence claim relies on the legal arguments that petitioner was exonerated when the first

24

25   [6] Petitioner has not argued that he is entitled to equitable tolling of the limitations period, nor
     could he.  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been
26   pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and
     prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v.
27   DiGuglielmo*, 544 U.S. 408, 418 (2005)); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th
     Cir. 2006) (quoting *Pace*).  Petitioner has been aware of this argument since he raised it on appeal
28   in 1996, and therefore cannot demonstrate that he has been pursuing his rights diligently or that
     some extraordinary circumstance prevented him from timely filing these claims in federal court.

1    trial ended in a mistrial, that the prosecution improperly initiated a second prosecution without

2    producing new evidence as required by California law, and that the mistrial establishes factual

3    innocence of the crime.  Dkt. No. 1 at 23-27.  Petitioner is not entitled to the "miscarriage of

4    justice" equitable exception to the AEDPA limitations period.  The Court DISMISSES this

5    petition as untimely.

6    **IV.    Certificate of Appealability**

7         The Court concludes that no "jurists of reason would find it debatable whether the petition

8    states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it

9    debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529

10   U.S. 473, 484 (2000).  Accordingly, a certificate of appealability is DENIED.

                                    **CONCLUSION**

12        For the foregoing reasons, the Court DISMISSES this petition as barred by the statute of

13   limitations set forth in AEDPA, and DENIES a certificate of appealability.  The Clerk shall enter

14   judgment in favor of respondent and close the case.

15        **IT IS SO ORDERED.**

16   Dated:  4/30/2020

17

18   HAYWOOD S. GILLIAM, JR.
     United States District Judge

*United States District Court*
*Northern District of California*