UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMIK A. HOVSEPIAN,<br><br>    Petitioner,<br><br>    v.<br><br>JOSIE GASTELO,<br><br>    Respondent. | Case No. 19-cv-04692-HSG<br><br>**ORDER REOPENING CASE;<br>VACATING ORDER OF DISMISSAL;<br>DISMISSING PETITION AS<br>UNTIMELY; DENYING<br>CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 14 |

Petitioner, an inmate at California Men's Colony – East, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1994 conviction for attempted murder. Dkt. No. 1. On April 30, 2020, after not receiving a response to the Order to Show Cause, the Court dismissed the petition as untimely, denied a certificate of appealability, and entered judgment in favor of respondent. Dkt. Nos. 11, 12. On May 21, 2020, petitioner filed a letter stating that he had filed a response to the Court's order to show cause on or about March 16, 2020, and requesting that the Court correct its erroneous dismissal of this action. Dkt. No. 13. Petitioner also filed again his response to the Court's order to show cause. Dkt. No. 14. The Court construes petitioner's letter as a request to reopen this action and vacate the April 30, 2020 Order of Dismissal and judgment. Good cause being shown, the Court GRANTS petitioner's request. The Clerk is directed to VACATE the order of dismissal and the judgment and REOPEN this action. The Court has considered petitioner's response to the Order to Show Cause. For the reasons set forth below, the Court again DISMISSES the petition as untimely.

//

//

//

**DISCUSSION**

**I.     Petition**

The instant federal habeas petition alleges the following grounds for federal habeas relief: (1) petitioner's retrial on attempted murder charges after being convicted of assault based on the same conduct violated his rights under the Double Jeopardy Clause; and (2) petitioner is factually innocent because the first trial ended in a mistrial and proved that there was insufficient evidence to support the attempted murder conviction.[1] Dkt. No. 1. Petitioner states that his claims are "based upon factual innocence and are not premised on timeliness" and that he "presents a fundamental miscarriage of justice." Dkt. No. 1 at 11.

**II.    Procedural Background**

The Court incorporates by reference the procedural background set forth in its April 30, 2020 Order of Dismissal and provides an abbreviated summary below.

According to the petition, petitioner was convicted in 1994 of two counts of attempted murder with firearm enhancements and sentenced to two life terms, plus an additional term of seventeen years and four months. Dkt. No. 1 at 1-2. On appeal, petitioner challenged his conviction on four grounds: the same double jeopardy claim that he raises here and three other grounds, none of which are raised in the instant petition. Dkt. No. 1 at 28-54. In 1996, the California Court of Appeals denied his appeal. Dkt. No. 1 at 28-54. That same year, the California Supreme Court denied his petition for review. Dkt. No. 1 at 2-3. Because the petition for review with the Court was not filed with this Court, it is unknown what claims were raised in the petition for review.

Petitioner filed state habeas petitions with the Santa Clara Superior Court, the California Court of Appeal, and the California Supreme Court, all of which were denied. Dkt. No. 1 at 3-4. The California Supreme Court's denial of petitioner's state habeas petitions were in 1998 and 2019, in Case No. S063719 and Case No. S254890, respectively.[2] Petitioner did not file these

---

[1] In filling out the form petition, petitioner indicated that he had three claims, stating "see attached argument." Dkt. No. 1 at 5. However, the attachments only list two claims. See Dkt. No. 1 at 7-27.

[2] The Court takes judicial notice of the dockets of the California Supreme Court mentioned herein,

2

habeas petitions with the Court, so it is unknown what claims were raised in these habeas petitions. Cal. Sup. Ct. C No. S063719 was denied on February 25, 1998. Cal. Sup. Ct. Case No. S254890 was summarily denied on June 19, 2019 as follows:

> The petition for writ of habeas corpus is denied. (*See In re Robbins* (1998) 18 Cal.4th 770, 780 [courts will not entertain habeas corpus claims that are untimely]; *In re Clark* (1993) 5 Cal.4th 750, 767-769 [courts will not entertain habeas corpus claims that are successive].).

On July 31, 2019, petitioner filed the instant petition.[3] Dkt. No. 1.

On November 27, 2019, the Court ordered petitioner to show cause why his petition should not be dismissed as untimely. Dkt. No. 8. On January 16, 2020, the Court granted petitioner an extension of time to March 30, 2020 to file his answer. Dkt. No. 10. On April 30, 2020, having received no response from petitioner, the Court dismissed the petition as untimely, denied a certificate of appealability, and entered judgment in favor of respondent. Dkt. Nos. 11, 12.

### III. AEDPA's Statute of Limitations

The instant petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because the petition was filed after AEDPA became law on April 24, 1996. AEDPA imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which the judgment became final after the conclusion of direct review or the time passed for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).

### IV. Discussion

Petitioner was convicted and sentenced in 1994. His conviction became final either (1) ninety days after the California Supreme Court denied review in 1996 or, (2) if he filed a writ for certiorari with the Supreme Court, upon the completion or denial of certiorari proceedings.

---

available on the California courts' website at www.courts.ca.gov. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (recognizing that a district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Porter v. Ollison*, 620 F.3d 952, 954-55 n.1 (9th Cir. 2010) (taking judicial notice of court dockets).

[3] The Court affords petitioner application of the mailbox rule as to the filing of his habeas petition. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (*pro se* prisoner filing is dated from the date prisoner delivers it to prison authorities). It appears that petitioner gave his petition to prison authorities for mailing on or about July 31, 2019. Dkt. No. 1 at 6; Dkt. No. 1-1.

*See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final ninety days after the California Supreme Court denied review). The Court will assume arguendo that the statute of limitations was tolled until February 25, 1998, the conclusion of petitioner's first round of state collateral proceedings. If the statute of limitations began to run on that date, it expired on February 25, 1999. The instant federal petition is untimely by over twenty years. Petitioner does not argue, and the record does not support, that petitioner is entitled to either delayed commencement of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B)-(D),[4] or tolling of the limitations period under Section 2244(d)(2) beyond February 25, 1999.[5] Dkt. No. 11 at 3. Accordingly, the Court is barred from considering petitioner's claims unless the limitations period is equitably tolled or unless petitioner demonstrates that he qualifies for the miscarriage of justice exception, as set forth in *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner argues that the Court should excuse his untimeliness because his claims clearly establish that a fundamental miscarriage of justice has taken place; because he has diligently pursed his claims throughout the state courts; because these claims of actual innocence have never

---

[4] The commencement of the limitations period can be delayed in certain circumstances, none of which apply here. 28 U.S.C. § 2244(d)(1)(B)-(D) (allowing for delayed commencement of the limitations period where unconstitutional state action prevented a petitioner from timely filing, or where the habeas petition relies on a constitutional right newly recognized by the Supreme Court and made retroactive to cases on collateral review, or where the factual predicate of the claim could have been discovered through the exercise of due diligence). To the extent that petitioner is arguing that his habeas petition relies on a new constitutional right as recognized in *Lee v. Jacquez*, 788 F.3d 1123 (9th Cir. 2015), petitioner's argument fails. First, Section 2244(d)(1)(C) requires that the constitutional right be newly recognized by the Supreme Court, and not by the Ninth Circuit. 28 U.S.C. § 2244(d)(1)(C). Second, *Lee* is not good law, having been overturned by the United States Supreme Court in *Johnson v. Lee*, 136 S. Ct. 1802 (2016). In *Johnson*, the Supreme Court held that California's *Dixon* bar, under which a defendant procedurally defaults a claim raised for the first time on state collateral review if he could have raised it earlier on direct appeal, is a well-established and regularly followed state procedural bar that is adequate to bar federal habeas review. *Johnson*, 136 S. Ct. at 1805-06.

[5] The limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, the filing of state collateral proceedings after the limitations period has expired does not restart the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (same). Petitioner's second round of state habeas petitions were filed after his statute of limitations ended, i.e. filed after Feb. 25, 1999, and therefore cannot toll the limitations period.

1    received federal review; because he mistakenly believed that federal review was unavailable after
2    the state court dismissed his claims as procedurally barred; because it was not until years later that
3    he was "made aware of the provision;" because it was even longer before he was equipped to file
4    this petition; the constitutional error still exists; and because, in *Lee v. Jacquez*, 788 F.3d 1124
5    (9th Cir. 2015), the Ninth Circuit held that the state had failed to prove that the *Dixon* rule was an
6    adequate procedural rule in 1999 that would bar federal habeas review.  *See* Dkt. No. 14.

        **A.**      **Equitable Tolling**

AEDPA's statute of limitations, is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  To satisfy the first prong under *Holland*, a litigant must show "that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598-599, 601 (9th Cir. 2020) (rejecting prior stop-clock approach for evaluating when a petitioner must be diligent).  With respect to the second *Holland* prong, equitable tolling may be the proper remedy "only when an extraordinary circumstance prevented a petitioner from acting with reasonable diligence from making a timely filing." *Id.* at 600.  The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).  The prisoner also must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances ma[de] it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (alteration in original) (internal quotation marks and citation omitted).  A *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner has not met his burden of showing that equitable tolling applies here.  First, he has not demonstrated that he has been diligently pursuing his rights since 1999.  He merely

5

1  conclusorily states that the instant petition shows that he diligently pursued these claims in the
2  state courts. Dkt. No. 14 at 2. However, in the petition, petitioner states that this is a second or
3  successive petition, indicating that he is raising the same claims as previously raised in his 1998
4  habeas petition and that he has been aware of these claims since 1998. The failure to challenge the
5  allegedly wrongful denial of these claims for over twenty years is the opposite of diligently
6  pursuing one's rights. Second, petitioner has not demonstrated that an extraordinary circumstance
7  prevented him from timely filing. Petitioner's alleged misunderstanding of the law is not, by
8  itself, an extraordinary circumstance warranting equitable tolling, *Rasberry*, 448 F.3d at 1154, and
9  petitioner's vague statement that it was "even longer before he was equipped to file the petition"
10 fails to meet petitioner's burden of showing that the "extraordinary exclusion" of equitable tolling
11 should apply to him. *Miranda*, 292 F.3d at 1065.

### B. Miscarriage of Justice

A federal court may hear the merits of untimely claims if the failure to hear the claims would constitute a "miscarriage of justice." *See McQuiggin v. Perkins*, 569 U.S. 383, 391-93 (2013) (holding that miscarriage of justice (actual innocence) showing applies to claims filed after the AEDPA statute of limitations has run, as well as to successive, abusive and procedurally defaulted claims); *Lee v. Lampert*, 653 F.3d 929, 931 (9th Cir. 2011) (en banc). By the traditional understanding of habeas corpus, a "miscarriage of justice" occurs whenever a conviction or sentence is secured in violation of a constitutional right. *See Smith v. Murray*, 477 U.S. 527, 543-44 (1986). However, in *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court limited the "miscarriage of justice" exception to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). In order to pass through the *Schlup* gateway, "a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Id*. at 314–15 (omission in original) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless

6

1  constitutional error." *Id.* at 316.  A petitioner must support his claims "with new reliable

2  evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

3  critical physical evidence—that was not presented at trial." *Id*. at 324.

4        Petitioner incorrectly relies on California caselaw to define the miscarriage of justice

5  exception.  *See* Dkt. No. 14 at 2 (citing to *In re Clark*, 5 Cal. 4th 750).  In determining the

6  applicability of the miscarriage of justice exception in federal habeas cases, the Court must follow

7  Supreme Court precedent and is not bound by state law precedent.  The Supreme Court has clearly

8  held that a petitioner is entitled to the miscarriage of justice exception only where he has supported

9  his claim of actual innocence with new reliable evidence, such as exculpatory scientific evidence,

10  trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial.

11  *Schlup*, 513 U.S. at 324.  Petitioner has not met this standard.  He has not presented any new

12  reliable evidence of his actual innocence.  Rather, his actual innocence claim relies on the

13  previously-raised legal argument that the Double Jeopardy Clause prohibited his retrial after his

14  first trial ended in a mistrial; the legal argument that his mistrial established factual innocence of

15  the crime; and the erroneous legal argument that the *Dixon* bar does not bar federal habeas review.

16  Dkt. No. 1 at 23-27; Dkt. No. 14 at 2-3.

17        Petitioner's other arguments are unavailing.  A conclusory statement that the claims "are

18  derived from the underlying errors being a Fundamental Miscarriage of Justice" does not

19  constitute proof of his actual innocence.  The fact that these claims have not previously been

20  presented to the federal courts; that petitioner was unaware that federal review was available of

21  claims that the state court had been dismissed as procedurally barred; and that the errors are

22  "instructional and structural, derived from jury instructions," also do not constitute proof of actual

23  innocence.  Finally, petitioner's argument that the *Dixon* bar does not bar federal habeas review is

24  both inapplicable and incorrect.  The Court has determined that it is barred from reviewing the

25  instant habeas petition because the petition is untimely.  The record before the Court is silent as to

26  whether the Court is also procedurally barred from reviewing the instant habeas petition by an

27  independent and adequate state rule.  Moreover, *Lee* is no longer good law, having been

28  overturned by the United States Supreme Court in *Johnson v. Lee*, 136 S. Ct. 1802 (2016).

Petitioner is not entitled to the "miscarriage of justice" equitable exception to the AEDPA limitations period.

Petitioner has not met his burden of proving that he is entitled to either equitable tolling of the limitations period or entitled to the miscarriage of justice exception allowing federal courts to hear untimely claims. The Court therefore DISMISSES this petition as untimely.

## V.     Certificate of Appealability

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES this petition as barred by the statute of limitations set forth in AEDPA, and DENIES a certificate of appealability. The Clerk shall enter judgment in favor of respondent and close the case.

**IT IS SO ORDERED.**

Dated: 7/8/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge